# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

RANDY L. IRVAN and MARY M. IRVAN, )
individually and as husband and wife, )
)
      Plaintiff, )
)
v. ) Case No. CIV-16-075-RAW
)
VLADIMIR GOLODNYKH, individually; )
VG TRUCKING, LLC, )
a South Dakota company; and )
GREAT WEST CASUALTY COMPANY, )
a foreign insurance company, )
)
)
)
      Defendants. )

## ORDER

Before the court is the motion of the defendant Great West Casualty Company ("Great West") for summary judgment. This action arises from a vehicular collision in 2014. Plaintiffs were in one vehicle and the other vehicle was operated by defendant Golodnykh, who (Great West asserts) at the time was driving in the course and scope of his agency with defendant VG Trucking. At the time of the collision, both of those defendants were insured by defendant Great West. Great West moves for summary judgment on the ground that, in the absence of statutory authority, Oklahoma law does not permit direct action against liability insurers.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56(a)

F.R.Cv.P. The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *City of Herriman v. Bell,* 590 F.3d 1176, 1181 (10th Cir.2010).

Movant is correct that the Supreme Court of Oklahoma has rejected the right to bring a direct action against an alleged tortfeasor's insurer, absent statutory edict. *See Daigle v. Hamilton,* 782 P.2d 1379, 1383 (Okla.1989). Great West's motion addresses the statutes often cited regarding this much-litigated issue, 47 O.S. §169 and §230.30. Movant has established, without pertinent dispute by plaintiffs, that (1) VG Trucking is an out-of-state corporation with its principal place of business in South Dakota and (2) is an interstate motor carrier. The motion is therefore granted to the extent plaintiff relies upon §169. *See Hobbs v. Rui Zhao,* 2014 WL 3898408, *3 (N.D.Okla.2014)("Because it is undisputed that Zhao is an interstate carrier whose principal place of business is not in Oklahoma, section 169 is inapplicable"); *White v. Lewis,* 2014 WL 7272464, *1 (W.D.Okla.2014)("The clear language of §169 establishes that it applies only to those motor carriers whose principal place of business is in Oklahoma").

As pertinent to Section 230.30, Oklahoma participates in the federal Unified Carrier Registration System. *See* 47 O.S. §162.1. "Under this registration system, a for-hire motor carrier engaged in interstate commerce that complies with the Federal Motor Carrier Safety Regulations and registers its liability insurance policy or bond in its base state need not register in any other state participating in the UCR agreement." *Beebe v. Flores,* 2012 WL 137780 n.1 (W.D.Okla.2012). It is not disputed that VG Trucking is a participant in the

2

UCR system and is registered in its base state of South Dakota. *See* (#18-2). Therefore, pursuant to 49 U.S.C. §14504a, VG Trucking "is not required to register and file a certificate with the Oklahoma Corporation Commission. Thus, the provisions of Oklahoma's Motor Carrier Act . . .including §230.30, do not apply." *White v. Lewis,* 2014 WL 7272464, *1 (W.D.Okla.2014). The records of the Oklahoma Corporation Commission do not reflect such registration. (#16-2).

Plaintiffs argue that registering with the UCR system is effectively registering with the State of Oklahoma as well, because the overall goal of the system is efficiency. The federal Motor Carrier Act ("MCA"), in order for a motor carrier to operate as such, requires proof of financial responsibility demonstrating that the motor carrier is adequately insured in order to protect the public from risks created by the carrier's operations. *Herrod v. Wilshire Ins. Co.,* 499 Fed.Appx. 753, 754-55 (10th Cir.2012). *See also* 49 U.S.C. §31139(b), (f)(1)(A). Plaintiffs note the proof is considered public information pursuant to 49 C.F.R. §387.7(e)(1).

Therefore (plaintiffs argue) in the age of the Internet, the Oklahoma Corporation Commission has relatively easy access to the information on the UCR's national database, and this is the functional equivalent of having registered in Oklahoma. The court finds itself in agreement with Great West that "[u]nder Plaintiffs' theory, a person who incorporated a business in Oklahoma also incorporates that business in all 49 other states because the incorporation documents are publicly available via the Oklahoma Secretary of State's website." (#19 at page 3 of 5 in CM/ECF pagination).

Plaintiffs also contend that a ruling in favor of Great West is not appropriate because it is unfair to allow plaintiffs to directly sue the liability insurers of Oklahoma motor carriers while prohibiting direct action against an out-of-state motor carrier's liability insurer. Plaintiffs argue this creates a disincentive for interstate motor carriers to locate their principal place of business in Oklahoma. This is an issue of policy which is best addressed elsewhere than to a district court. In the last portion of their response, plaintiffs suggest the court find the motion premature pending further discovery. No affidavit stating specified reasons pursuant to Rule 56(d) F.R.Cv.P. has been filed, and the court is persuaded the present record is adequate.

It is the order of the court that the motion of defendant for summary judgment (#16) is hereby GRANTED. A separate Judgment shall issue at the close of this case.

**ORDERED THIS 24th DAY OF JUNE, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma